**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE LINDA SUE CATRON** | CASE NO. 17-cv-01866-YGR |
| | **ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF AS MOOT** |
| | Re: Dkt. Nos. 24, 27 |
| **LINDA SUE CATRON,** | |
| Appellant**,** | |
| vs. | |
| **BARRY MILGROM,** | |
| Appellee**.** | |

Appellant Linda Sue Catron ("Debtor") appeals from a March 29, 2017 order entered by the bankruptcy court authorizing the Appellee and Trustee, Barry Milgrom, ("Trustee") to sell various oil and gas interests ("Assets"). (Dkt. No. 1.) Catron has filed, and the Court has granted, five requests for an extension of time to file appellant's opening brief. (*See* Dkt. Nos. 13, 15, 17, 20, 23.) Now before the Court are the following: (1) Trustee's motion to dismiss Debtor's appeal for lack of jurisdiction due to mootness (Dkt. No. 24 ("MTD")); Debtor's notice of stay of proceedings (Dkt. No. 28 ("Stay Notice")); and Debtor's motion for extension of time to file appellant's opening brief (Dkt. No. 27 ("Extension Motion")).

**I.  BACKGROUND**

On February 4, 2014, Debtor filed a voluntary bankruptcy petition (the "Petition") under Chapter 11 of the United States Bankruptcy Code §§ 101-1531 as amended (the "Bankruptcy Code") in the United States Bankruptcy Court, Northern District of California, San Francisco

Division. (*In re Linda Sue Catron*, Case No. 14-30175, ("Bankr.") Dkt. No. 1.)[1] On June 8, 2015, the Bankruptcy Court entered an order converting the Chapter 11 case to a Chapter 7 case. (Bankr. Dkt. No. 304.) On June 10, 2015, the Bankruptcy Court issued its Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, naming Barry Milgrom as Chapter 7 trustee.

On January 12, 2017, the Trustee filed a motion to sell the Assets at auction (the "Sale Motion"). (Bankr. Dkt. No. 470.) On February 6, 2017, the Trustee conducted an auction of the Assets. On February 8, 2017, the Debtor filed an objection to the Sale Motion (the "Sale Objection").) (Bankr. Dkt. No. 476.) On March 29, 2017, after requesting and receiving additional information regarding the auction from the Trustee, the Bankruptcy Court entered an order granting the Sale Motion, overruling the Sale Objection, and authorizing the sale of the Assets (the "Sale Order"). (Bankr. Dkt. No. 508.) The Sale Order approved the sale of the Trustee's right, title, and interest in any and all "gas and oil interests" to the successful bidder (the "Buyer") at the auction for the sum of $62,000, including those certain oil and gas interests more specifically described in the Sale Motion, the related sale notice, and the Debtor's Amended Schedule B. (*Id.* at 1-2.) Additionally, the Sale Order provided that the Buyer was "approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code and she shall be entitled to all protections of Section 363(m) of the Bankruptcy Code." (*Id.* at 3.) Because the Sale Order was entered on March 29, 2017, the 14-day stay expired on April 12, 2017. *See* F.R.B.P. 60004(h).

On March 21, 2017, the Trustee received the last portion of the $62,000 payment that was due for the sale of the Assets. (MTD at 4.) Prior to the sale, the Trustee had been receiving periodic payments from ten or more different companies based upon the Assets. (*Id.*) The Sale Order authorized the transfer of the Assets to the Buyer. (*Id.*) However, the Trustee, as a condition of the sale, required the Buyer to draft and provide those assignment documents as would be required by the various companies at issue to transfer the Assets. (*Id.*) Effectuating the Sale Order required the preparation of numerous documents labeled, "Assignment, Bill of Sale[,]

---

[1] Citations to the docket refer to *Catron v. Milgrom*, Case No. 17-cv-01866, unless otherwise noted, as it is here.

and Quit Claim of Interest" (the "Assignment"). (*Id.* at 5.)

On April 7, 2017, counsel for the Trustee wrote to numerous companies, as mentioned in the Sale Order, indicating to those companies that the Court had entered the Sale Order. (*Id.*) The letter provided the name of the Buyer and the Buyer's co-owner. (*Id.*) The purpose of the letter was to notify the companies at issue that, effective April 13, 2017, any monies paid should be paid to the Buyer and her designated co-owner. (*Id.*) The Trustee also provided to the Buyer a "Bill of Sale Dated as of April 13, 2017" transferring the Assets to Susan Hillstrom-Masi and her designee, Bryan Hillstrom. Some of these companies required that instruments be recorded in the county and state at issue before they would change the payee designation. (*Id.*) That process has beginning in April 2017 and was completed in May 2018. (*See* at 6.)

On March 30, 2017, the Debtor filed her appeal of the Sale Order with this Court. (Dkt. No. 1.) Following the Court's entry of a briefing schedule on October 31, 2017, the Debtor, as Appellant, filed five motions for extensions of time to file her opening brief. (*See* Dkt. Nos. 11, 14, 16, 18, 22.) The Court granted each motion. (*See* Dkt. Nos. 13, 15, 17, 20, 23.) In the Court's most recent order granting Debtor's fifth request, the Court noted that "[n]o further extensions will be allowed absent extraordinary circumstances." (Dkt. No. 23.)

On May 23, 2018, Debtor filed a voluntary Chapter 13 bankruptcy case in the United States Bankruptcy Court, Eastern District of California, Sacramento Division, Case No. 18-23232-A-13J. (Stay Notice at 2.) Also, on May 23, 2018, Debtor was locked out of "one of [her] residences located at 2614 Sacramento Street, #3, San Francisco, California, 94115" "despite filing for bankruptcy protection before the scheduled lock-out." (Extension Motion at 2.) Debtor alleges that the "majority of the documents necessary for the final completion of Appellant's Opening Brief are in the premises located at" this address. (*Id.*) She further notes that she will not be able to "complete and Finalize Appellant's Opening Brief until [she] regain[s] possession of the premises and [the] personal documents located" within. (*Id.*)

3

## II. LEGAL STANDARD

### A. Mootness of Appeal

#### i. Statutory Mootness Under 11 U.S.C. § 363(m)

Under Section 363(m) of the Bankruptcy Code, "[w]hen a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal." *Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp.Inc)*, 163 F.3d 570, 576 (9th Cir. 1998); *In re Ewell*, 958 F.2d 276, 282 (9th Cir. 1992) ("The Debtor's appeal is moot. Because the buyer was a good faith purchaser, under 11 U.S.C. § 363(m) the sale may not be modified or set aside on appeal unless the sale was stayed pending appeal. It was not, and the court thus cannot grant any effective relief."); *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1172 (9th Cir. 1988) ("Finality in bankruptcy has become the dominant rationale for our decisions; the trend is towards an absolute rule that requires appellants to obtain a stay before appealing a sale of assets.").

Pursuant to Section 363(m):
> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

#### ii. Equitable Mootness

"Courts have applied the doctrine of equitable mootness when the appellant has failed to obtain a stay and the ensuing transactions are too "complex and difficult to unwind." *Darby v. Zimmerman (In re Popp)*, 323 B.R. 260, 271 (9th Cir. BAP 2005) (citations omitted). "Ultimately, the decision whether to unscramble the eggs turns on what is practical and equitable." *Baker & Drake, Inc. v. Pub. Serv. Comm'n (In re Baker & Drake, Inc.)*, 35 F.3d 1348, 1352 (9th Cir. 1994). A comprehensive change of circumstances, including the fact that third parties would be unreasonably adversely affected by the relief sought herein, may render an appeal equitably moot. *In re PW, LLC*, 391 B.R. 25, 34 (B.A.P. 9th Cir. 2008); *In re Gotcha Int'l L.P.*, 311 B.R. 250, 254-55 (B.A.P. 9th Cir. 2004) (citing *In re Tuscon Self-Storage, Inc.*, 166 B.R. 892, 896 (9th

Cir. 1994)).

Accordingly, to determine whether equitable mootness applies, a court should consider: (i) whether the court can fashion effective relief and (ii) whether a comprehensive change of circumstances has occurred such that third parties would be unreasonably adversely affected by the relief sought by the appealing part. *In re PW, LLC*, 391 B.R. at 34; *In re Gotcha Int'l L.P.*, 311 B.R. at 254.

### B. The Automatic Stay

The automatic stay imposed by Section 362(a) of the Bankruptcy Code provides, in relevant part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of –
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a) (emphasis supplied).

## III. ANALYSIS

### A. Mootness of Appeal

In his motion to dismiss, Trustee points to statutory and equitable mootness as the basis of the Court's lack of jurisdiction. (*See* MTD at 6-7.) Debtor does not address statutory mootness in her opposition. (*See* Dkt. No. 29 ("MTD Opp.").) The Court will address both, in turn.

#### i. Statutory Mootness Under 11 U.S.C. § 363(m)

The Ninth Circuit has repeatedly held that, under Section 363(m), "[w]hen a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal." *Paulman*, 163 F.3d at 576; *see also In re Ewell*, 958 F.2d at 282 ("The Debtor's appeal is moot. Because the buyer was a good faith purchaser, under 11 U.S.C. § 363(m) the sale may not be modified or set aside on appeal unless the sale was stayed pending appeal. It was not, and the court thus cannot grant any effective relief."). Moreover, the plain language of Section 363(m) states than an appellate court cannot invalidate a bankruptcy court order authorizing a sale

"unless such authorization and such sale . . . were stayed pending appeal."[2] 11 U.S.C. § 363(m).

Here, the Sale was not stayed. The Debtor Appellant did not file a motion for a stay pending appeal. (*See* Docket in *In re Linda Sue Catron*, Case No. 14-30175-HLB, United States Bankruptcy Court for the Northern District of California.) Moreover, the Bankruptcy Court found that the Buyer was a good faith purchases entitled to the protection of Section 363(m). (Bankr. Dkt. No. 508 at 3.) Accordingly, Debtor's appeal is statutorily moot.

### ii. Equitable Mootness

To determine whether equitable mootness applies, a court should consider: (i) whether the court can fashion effective relief and (ii) whether a comprehensive change of circumstances has occurred such that third parties would be unreasonably adversely affected by the relief sought by the appealing part. *In re PW*, 391 B.R. at 34; *In re Gotcha Int'l*, 311 B.R. at 254.

Here the Trustee and the Buyer closed the sale as of April 13, 2017. (MTD at 5.) The Buyer is not a party to the instant appeal. Moreover, the Buyer paid the Trustee $62,000, the necessary documents were signed, the conditions of closing were satisfied, and the Assets were transferred in conformity with the Buyer's instructions pursuant to a complicated and lengthy process involving recordings in various counties or states. (*Id.* at 5-6.) Accordingly, a comprehensive change of circumstances has occurred, rendering Debtor's instant appeal equitably moot. *See In re PW*, 391 B.R. at 34; *In re Gotcha Int'l*, 311 B.R. at 254; *see also In re Combined Metals Reduction Co.*, 557 F.2d 179, 189-92 (9th Cir. 1977) (dismissing as moot appeals from orders approving and confirming sales and leases made to third parties not before the court).

The Debtor identifies two Ninth Circuit cases to support her argument that despite her failure to seek a stay, her appeal should not be found equitably moot. (MTD Opp. at 2.) However, the circumstances supporting the Ninth Circuit decisions in those cases are not present here. Specifically, the Ninth Circuit has found that "an exception to mootness exists where the debtor had a state statutory right to redeem real property sold to a creditor or other purchaser."

---

[2] Although not dispositive here, notably "this rule applies even when the [party filing the appeal] has sought a stay but the stay has been denied . . . [or] where the [appellant] believes the sale has been wrongly authorized . . . ." *In re Baker*, 339 B.R. 298, 303 (E.D.N.Y. 2005).

*Suter v. Goedert*, 504 F.3d 982, 990 (9th Cir. 2007). For instance, an exception exists where a "claim is only for monetary damages against solvent debtors," and it would not "be impossible to fashion effective relief," or where there has not been such "a comprehensive change in circumstances as to render inequitable for the court to consider the merits of the appeal." *In re Sylmar Plaza, L.P.*, 314 F.3d 1070, 1074 (9th Cir. 2002). Here, Debtor has not claimed any state statutory right associated with the Assets and the Sale thereof. Additionally, although Debtor has not yet filed her opening brief and so claimed relief is not certain, she does not appear to seek only monetary damages. Debtor notes that "it would be practical . . . to unwind the sale of oil and gas interests." (MTD Opp. at 3.) Debtor has also failed to show, or even assert, how the steps taken to effectuate the Sale could be unwound. (*See* Opp.)

Debtor suggests that the "bankruptcy court could withhold proceeds from future property sales and reallocate those proceeds from her bankruptcy estate based on a revised formula." (MTD Opp. at 3.) However, the suggestion is theoretical as there is no indication in the record of additional property subject to sale and the Trustee asserts that no such property exists. (Dkt. No. 32 ("MTD Reply") at 8.) Debtor also fails to address the fact that the Sale to the Buyer constituted "a consummated sale to a third party who is not a party to the appeal[,]" which is generally sufficient to establish equitable mootness. *In re Popp*, 323 B.R. at 271. Indeed, a comprehensive change of circumstances has resulted from the Sale, including the fact that the third party Buyer would be unreasonably adversely affected by unwinding the Sale, therefore rendering Debtor's appeal equitably moot. *See In re PW*, 391 B.R. at 34; *In re Gotcha Int'l*, 311 B.R. at 254. Accordingly, Debtor's appeal is equitably moot.

### B. Applicability of Stay

On June 29, 2018, Debtor filed a notice of stay of proceedings. (Stay Notice.) She noted that on May 23, 2018, she "filed a voluntary Chapter 13 bankruptcy case in the United States Bankruptcy Court – Eastern District of California – Sacramento Division." (*Id.* at 2.) Accordingly, Debtor requested that this "Court stay all matters with regard to this appeal during the pendency of [her] Chapter 13 bankruptcy proceeding." (*Id.*) She pointed to "the Automatic stay caused by a filing in another court" as the basis of the stay she requests. (*Id.*) Although

Debtor does not explicitly cite to it, the statutory basis of the "automatic stay" is Section 362(a), which states that the filing of certain bankruptcy petitions, including those under Chapter 13, operate as a stay of "the commencement or continuation . . . of a judicial . . . action or proceeding *against the debtor* that was or could have been commenced before the commencement of the" relevant bankruptcy action, "or to recover a claim *against the debtor* that arose before the commencement" of the relevant bankruptcy action. 11 U.S.C. § 362(a)(1) (emphasis supplied).

Here, the instant action, an appeal from the Sale Order, was initiated by the Debtor, as Appellant. (*See* Dkt. No. 1.) The automatic stay applies only to actions against a debtor, not actions filed by a debtor. *See*, *In re Merrick*, 175 B.R. 333, 336 (9th Cir. BAP 1994) ("We could find no case that supports the proposition that the automatic stay prevents a defendant from continuing to defend against a pre-bankruptcy lawsuit. To the contrary there is substantial authority that the stay is inapplicable to the post-petition defense actions in a pre-petition suit brought by the debtor."). Accordingly, the automatic stay under Section 363(a) does not apply to the instant action initiated by appellant Debtor.

Debtor also points to the automatic stay in support of her opposition to Trustee's motion to dismiss. (MTD Opp. at 3.) However, motions filed against a debtor as plaintiff, or here as appellant, do not violate the automatic stay. *See*, *In re White*, 186 B.R. 700, 703 (9th Cir. BAP 1995) (motion for summary judgment against debtor plaintiff and dismissal of case did not violate the stay). Therefore, the automatic stay does not provide a basis for denying Trustee's motion to dismiss.

Accordingly, because the automatic stay does not apply and Debtor's appeal is both statutorily and equitably moot, the Court **GRANTS** Trustee's motion to dismiss.[3]

This Order terminates Docket Numbers 24 and 27. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: August 24, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] As the Court has granted Trustee's motion to dismiss, Debtor's motion for an extension of time to file appellant's opening brief is **DENIED AS MOOT**.

8